UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DANIEL H.[1], | : | Case No. 3:20-cv-393 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Daniel H. brings this case challenging the Social Security Administration's denial of his applications for Child Disability Benefits and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #12), the Commissioner's Memorandum in Opposition (Doc. #15), Plaintiff's Reply (Doc. #16), and the administrative record (Doc. #11).

**I.     Background**

The Social Security Administration provides Child Disability Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 223(d), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 223(d), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff applied for benefits on March 3, 2017, alleging disability due to several impairments, including anxiety, depression, oppositional defiant disorder, and attention deficit disorder. (Doc. #11-5, *PageID* #272). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920.[2] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since January 10, 2012.

Step 2: He has the severe impairments of Diabetes Mellitus II, Attention Deficit Disorder, Bipolar/Depressive Disorder, Anxiety Disorder, and Schizoaffective Disorder

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "medium work… subject to the following limitations: (1) never climb ladders, ropes and scaffolds; (2) avoid unprotected heights; (3) able to perform simple, routine tasks, but not at a production rate pace and without strict performance quotas; (4) occasional interaction with supervisors and co-workers, but no interaction with the general public; (5) no jobs requiring teamwork or tandem tasks; and (6) able to tolerate occasional changes to a routine work setting defined as 1-2 per week."

He is unable to perform any of his past relevant work.

Step 5: He could perform a significant number of jobs that exist in the national economy.

(Doc. #11-2, *PageID* #s 50-61). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 62.

---

[2] The remaining citations will identify the pertinent Supplemental Security Income Regulations with full knowledge of the corresponding Child Insurance Benefits Regulations.

2

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11-2, *PageID* #s 50-62), Plaintiff's Statement of Errors (Doc. #12), the Commissioner's Memorandum in Opposition (Doc. #15), and Plaintiff's Reply (Doc. #16). To the extent that additional facts are relevant, they will be summarized in the analysis below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In this case, Plaintiff alleges that the ALJ erred in his evaluation of Plaintiff's treating physician's opinion and Plaintiff's own subjective symptom complaints. (Doc. #12, *PageID* #s 861-65). In response, the Commissioner maintains that the ALJ properly conducted these evaluations and that his decision is supported by substantial evidence. (Doc. #15, *PageID* #s 876-83). For the reasons that follow, Plaintiff's arguments are not well taken.[3]

### A. Medical Opinions

In his first statement of error, Plaintiff contends that ALJ Adkins reversibly erred in evaluating the opinions of his treating medical provider, Jack C. Lunderman Jr., M.D.. (Doc. #12, *PageID* #s 861-63). Social Security Regulations recognize several different types of "acceptable" medical sources: treating physicians, non-treating, yet examining physicians, and non-treating, record-reviewing physicians." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R.§ 416.902. Generally, ALJs "give more weight to the opinion from… treating sources." 20 C.F.R. § 416.927. Indeed, when the treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[,]" the ALJ is required to place controlling weight on the treating source's opinion.[4] *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

---

[3] Plaintiff's argument focused on the ALJ's review of Dr. Lunderman's opinion and Plaintiff's subjective symptom complaints, thereby waiving any other challenges to other opinions or impairments as he failed to adequately raise them. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding plaintiff had waived its challenge to the ALJ's findings on certain impairments by not raising it in the merits brief).

[4] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to his claims.

4

However, if the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

Plaintiff challenges the ALJ's evaluation of his treating psychiatrist, Dr. Jack C. Lunderman, Jr.. In addition to the treatment records submitted from his office, Dr. Lunderman authored two letters regarding Plaintiff's mental capacity. (Doc. #11-7, *PageID* #s 528, 637). In his February 26, 2018 letter, Dr. Lunderman indicated that he had been treating Plaintiff for his diagnoses of Major Depression, single episode, Moderate and Generalized Anxiety Disorder. *Id*. at 528. He noted that Plaintiff "has been unable to maintain any type of gainful employment" and that his longest reported period of employment was for two to three months, though he has had many other failed attempts to work. *Id*. Dr. Lunderman also stated that "it is felt [Plaintiff] will not be able to maintain any type of employment successfully for at least the next several years." *Id*. According to Dr. Lunderman, Plaintiff has "very limited comprehension and finds it difficult to follow even simple directions." *Id*. He also opined that Plaintiff "suffers from a diminished ability to concentrate and recent memory/immediate recall deficits" as well as "marked anxiety with poor impulse control and debilitating depression." Lastly, Dr. Lunderman indicated that Plaintiff "also suffers intermittent and unpredictable suicidality as his depression and anxiety exacerbate." *Id*.

Dr. Lunderman authored a second letter on August 20, 2018, where he repeated the statements provided in his first letter and added that he has been treating Plaintiff monthly and that

Plaintiff has been compliant with these appointments and reports compliance with medications. *Id.* at 637.

In reviewing Dr. Lunderman's opinion, ALJ Adkins acknowledged his role as Plaintiff's treating psychiatrist but found that he could not give his opinion controlling or deferential weight. (Doc. #11-2, *PageID* #54). In support, ALJ Adkins first explained that he "agree[d] with the diagnoses of depressive disorder and anxiety disorder" as these diagnoses were "well documented in the record." *Id.* Nonetheless, he disagreed with Dr. Lunderman's opinion regarding Plaintiff's concentration deficits, pointing out that there were only a few instances in the record showing Plaintiff had "fair" concentration and that the record, including Dr. Lunderman's own treatment notes, was otherwise inconsistent with the degree of concentration deficits alleged. *Id.* Here, ALJ Adkins concluded that Dr. Lunderman must have based this opinion on the subjective complaints of Plaintiff and his mother as Dr. Lunderman's treatment notes and the larger record otherwise reported that Plaintiff's memory and concentration to be intact. *Id.* The ALJ pointed out that Plaintiff had been taking college courses and that the notes from his individualized education plan reported that "when he is motivated, he does fine and that he can work when he wants to." *Id.*

ALJ Adkins also found Dr. Lunderman's opinion on Plaintiff's intermittent suicidality inconsistent with the larger record and Plaintiff's own statements, noting that the record contained "one remote hospitalization for suicidal ideation, when [Plaintiff] threatened to kill himself after an argument with his girlfriend[]" and then "denied suicidality at the hospital[,]" reporting that he was "'just upset' and not suicidal." *Id.* The record otherwise consistently reported no suicidal or homicidal ideation. *Id.*

ALJ Adkins also observed additional internal inconsistencies in Dr. Lunderman's assessment, including when he described Plaintiff as having "marked anxiety" and "debilitating"

6

depression but only categorized his diagnoses as "moderate" depressive disorder and anxiety disorder. *Id*. Finally, ALJ Adkins explained that he did not give any weight to Dr. Lunderman's statements such as "it is felt he is unemployable" and that he "feel[s] he is not capable of holding a job due to his emotional problems" as such statements are not only speculative and unclear as to the precise meaning of "unemployable," but also speak to the ultimate issue reserved to the Commissioner. *Id*. For all these reasons, ALJ Adkins gave only "partial weight" to Dr. Lunderman's opinion. *Id*.

Contrary to Plaintiff's contentions, the ALJ's decision to attribute only partial weight to Dr. Lunderman's opinion is supported by substantial evidence. In his assessment, ALJ Adkins correctly noted Dr. Lunderman's role as Plaintiff's treating source as well as his specialty as a psychiatrist. However, he could not attribute controlling weight to his opinion. Again, a treating physician is only entitled to controlling weight if his opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Gayheart*, 710 F.3d at 376. Here, ALJ Adkins appropriately found that Dr. Lunderman's diagnoses of moderate depressive disorder and anxiety disorder were well-supported, and he gave his opinion partial weight on that basis. However, he also reasonably determined that Dr. Lunderman's opinions on Plaintiff's cognitive and concentration deficits were inconsistent with the other substantial evidence of the record, including Dr. Lunderman's own treatment notes. In reaching this conclusion, ALJ Adkins pointed to reports of Plaintiff's intact memory and concentration as well as Plaintiff's testimony that he has been attending college courses and reports that he does well when he is interested in a topic. Dr. Lunderman's statement on Plaintiff's intermittent suicidality was also found to be inconsistent with the other evidence of record where Plaintiff consistently denied suicidal ideation. Thus, the ALJ provided a number of

7

reasons why Dr. Lunderman's opinion was inconsistent with the other substantial evidence in the record and appropriately declined to give him controlling or deferential weight on this basis. *Gayheart*, 710 F.3d at 376.

The ALJ further discredited Dr. Lunderman's opinion as being internally inconsistent as to his described Plaintiff as having "marked anxiety" and "debilitating" depression while only classifying his diagnoses as "moderate." This, too, was a valid consideration. *See Driggs v. Comm'r of Soc. Sec.*, No. 2:11-CV-0229, 2011 WL 5999036, at *6 (S.D. Ohio Nov. 29, 2011) (Kemp, M.J.), *report and recommendation adopted,* No. 2:11-CV-0229, 2012 WL 204044 (S.D. Ohio Jan. 24, 2012) (Graham, D.J.) (holding that "an ALJ may reject the opinion of a treating source where the treating physician's opinion is inconsistent with [that source's] own medical records.") (internal quotation marks and citation omitted).

Additionally, the ALJ also properly discounted Dr. Lunderman's statements regarding Plaintiff being "unemployable" as these statements are both vague and speak to the ultimate legal issue reserved for the ALJ. *See Quisenberry v. Comm'r of Soc. Sec.,* 757 F. App'x 422, 434 (6th Cir. 2018) (An ALJ may properly reject a vague opinion that does not provide any specific functional limitations); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir. 1985)) ("The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician."); *see also* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will find you disabled.").

Finally, while it is true that the ALJ's decision must be supported by substantial evidence, it is Plaintiff who "bears the burden of proving the existence and severity of limitations caused by her impairments" through step four of the sequential evaluation process. *Jones,* 336 F.3d at 474.

8

Accordingly, it is Plaintiff's burden to prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)). Plaintiff, however, does not indicate through citations to the record evidence or through factual or legal analysis what functional limitations caused by his impairments are not already accounted for in the RFC.

Accordingly, the ALJ's failure to impose more restrictive limitations to account for these diagnoses is not unreasonable. *See Kocher v. Comm'r of Soc. Sec.*, No. 2:14-cv-2263, 2015 WL 7307998, at *5 (S.D. Ohio Nov. 20, 2015) (Kemp, M.J.), *report and recommendation adopted*, 2015 WL 9489750 (S.D. Ohio Dec. 30, 2015) (Smith, D.J.) (quoting *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005)) ("[W]hen 'there is no evidence in the record, of any functional limitations as a result of [an impairment] that the ALJ failed to consider,' a remand for further resolution of this issue is unnecessary."); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."); *Townsend v. Astrue*, No. 6:12-CV-00261-SI, 2013 WL 687042, at *5 (D. Or. Feb. 25, 2013) (failure to discuss a diagnosis is error, but harmless where record does not reveal any limitations due to the diagnosed condition). Based on the foregoing, Plaintiff has failed to meet his burden of proving that his impairments require a more restrictive RFC than that assessed by the ALJ. Thus, Plaintiff's argument is not well taken.

  **B.** **Plaintiff's Symptom Severity**

Plaintiff also alleges that the ALJ's assessment of his subjective complaints and symptom severity are not supported by substantial evidence. (Doc. #12, *PageID* #s 864-65). When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 416.929; Social Security Ruling (SSR) 16-3p, 2016 WL

9

1119029, *3 (March 16, 2016).[5] First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 416.929(c)(3).

In performing this assessment, the ALJ is not required to analyze all seven factors but must still show that he considered the relevant evidence. *Roach v. Comm'r Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). Finally, the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

In this case, the ALJ applied the proper legal standards and reached a decision supported by substantial evidence in finding that Plaintiff's subjective symptom complaints were inconsistent

---

[5] Soc. Sec. R. (SSR) 16-3p, 2016 WL 1119029, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

with the evidence of record. 42 U.S.C. § 405(g); *Rogers*, 486 F.3d at 241. The ALJ thoroughly discussed the record evidence and concluded that it did not support Plaintiff's subjective complaints, explaining as follows:

> After careful consideration of the evidence, the [ALJ] finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported. As noted above, [Plaintiff's] testimony is not consistent with the medical file. The record reflects that he is stable when on his medications. His [individualized education plan] even suggest that he does better on medication, and that he works hard on areas of his interest, but not hard when he is not interested in a topic.
>
> The [ALJ] has included reasonable restrictions in exertional capabilities (i.e. restricting [Plaintiff] to limited "medium" exertion) in the residual capacity assessment herein.  However, [Plaintiff] has not presented objective medical evidence or clinical findings to establish a medically determinable impairment that would result in any greater degree of limitation. Restricting [Plaintiff] to performing the reduced range of "medium" exertion described above adequately addresses the location, duration, frequency, and intensity of [Plaintiff's] alleged symptoms, as well as precipitating and aggravating factors, to the extent that such symptoms and aggravating factors are supported by objective medical evidence. There is no evidence of adverse side effects from treatment or medication that would prevent [Plaintiff] from performing competitive work activity at the reduced "medium" level of exertion on a regular and continuing basis.
>
> (Doc. # 11-2, *PageID* #s 59-60).

Substantial evidence supports the ALJ's findings. As noted above, the ALJ reasonably discounted Plaintiff's allegations on the grounds that the objective evidence did not support his subjective complaints. *See* 20 C.F.R. § 416.929(c)(2) (objective medical findings are useful in assessing the intensity and persistence of a claimant's symptoms); *Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003) (holding that plaintiff "did not introduce sufficient objective evidence to support the existence or severity of her allegedly disabling headaches").  He also considered a variety of "other evidence," such as Plaintiff's daily activities and the effectiveness of his treatment. (Doc. #11-2, *PageID* #s 59-60); *see also* 20 C.F.R. § 416.929(c)(3)(v).

11

Because the ALJ applied the proper legal standards and reached a decision supported by substantial evidence, the ALJ's findings regarding Plaintiff's subjective symptom complaints about his physical and mental impairments cannot be disturbed by this court. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating that: "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #12) is **DENIED**;

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

March 25, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge